# EXHIBIT K



November 10, 2017

Department of Plastic Surgery

**Deliver Via Email and Certified Mail**

Rachelle Blankenship
128 Wrenwood Drive
Coppell, TX 75019

Email: rachelle2008@gmail.com

RE:   Termination of Employment: Inappropriate Access of Protected Health Information

Dear Rachelle:

I have reviewed your response to my notice of intent to terminate your employment and do not find a sufficient basis to alter my decision to terminate your employment.

Therefore, your employment as Senior Administrative Assistant II at UT Southwestern Medical Center is terminated effective at 5:00pm on November 10, 2017. This action is warranted because of your Inappropriate Access of Protected Health Information. You are in violation of UT Southwestern policies and employee conduct standards as outlined in the *Handbook of Institutional Policies and Operating Procedures* EMP-351 Discipline and Discharge and as set forth in HIPAA Safeguards Policy-10-01. On August 1, 2017, you acknowledged receipt of UT Southwestern's *Handbook of Institutional Policies and Operating Procedures*, and that it was your responsibility to read and be knowledgeable of its contents.

Employees are expected to acquaint themselves with performance criteria for their particular job and abide by all rules, procedures, and standards of conduct established by the UT System Board of Regents, UT Southwestern, and the employee's department or unit. An employee who does not fulfill the responsibilities set out by such performance criteria, rules, procedures, and standards of conduct may be subject to disciplinary action, up to and including dismissal from employment.

The Health Insurance Portability and Accountability Act (HIPAA) and its implementing federal regulations (known as the HIPAA Privacy Rule and HIPAA Security Rule) governs the treatment of protected health information (PHI) maintained by health care providers in their electronic health care systems. HIPAA restricts the use and disclosure of PHI and ensures that PHI will be maintained in a secure and confidential manner. HIPAA further requires that medical providers apply appropriate sanctions against their employees who fail to comply with our privacy policies and procedures, and specifically, the impermissible access or disclose PHI without the appropriate and proper authorization.

The facts supporting my decision to terminate your employment are as follows:

- **Inappropriate Access of Protected Health Information**

    On the following dates September 25, 2017, at 4:04pm and August 25, 2017, at 1:45pm, you accessed EPIC for the purpose of retrieving the medical records of your assigned supervising Physician without

1801 Inwood Road, Dallas, Texas 75390-9163   Phone: 214-645-2353   Fax: 214-645-2354   utswmedicine.org

D-000735

his knowledge or without obtaining prior authorization. Your actions are clearly in violation UT Southwestern policy and HIPAA regulations.

On October 30, 2017, Marcella Fane, Compliance Analyst III, brought this matter to your attention and questioned your intentions. You explained your actions on August 25, 2017 by stating "I support Dr. Tabbal and he recently needed information about the location of an appointment he had at the Aston building." When Ms. Fane asked you about your access to his records a second time on September 25, 2017, you denied accessing record on that date. However, the audit trail clearly shows you accessed the record on both dates. You admitted he never gave you permission to access his records at any time.

Per PRI 10-1 Safeguards policy, "Employees should never access or attempt to access their own PHI, or the PHI of others, for personal or other non-job related reasons. It was determined, you did not need access to the physician's medical records for the purpose you stated above and was found to be inappropriate.

- **Education and Training**

Pursuant to HIPAA policy and procedure, you completed and successfully passed your HIPAA Privacy and Information Security trainings on June 22, 2016. You also had successfully completed UT Southwestern's 2017 Annual Compliance Training on September 7, 2017. Therefore, you knew or should have known your unauthorized access a patient's protected health information was inappropriate and violated UT Southwestern policy and HIPAA Privacy and Security regulations.

- **Previous Counseling**

    On October 26, 2017, you were counseling regarding expectations for clinic operations.

    On August 2, 2017, Dr. Tabbal set clear workflow expectations your performance in the clinic.

I regret the necessity to take this action; however, your conduct falls below required standards and detrimentally affects the department's ability to carry out its responsibilities.

Pursuant to the attached UT Southwestern policy EMP-351P-02, you have the right to appeal my decision. Your appeal must be delivered to Jeffery Kenkel, MD, Professor and Chairman, within five (5) working days from the date of this letter. You must also deliver a copy of the written appeal and all attachments to me. The procedure for appealing disciplinary actions contains specific deadlines and other guidelines to which you must adhere. Should you have any questions or require additional information regarding the appeal process, you may contact Kristen Goree, Senior Employee Relations Consultant at 214.648.0145 or Preetha Thomas, Senior Employee Relations Consultant at 214-648-9821.

You are required to complete Employee Separation. To initiate this process, you should contact me at 214.645.2360. Failure to timely complete the employee separation process as required by EMP-452 Employee Separation Requirements may delay the distribution of your vacation accrual balance payout or any other sums of money you otherwise may be owed. To obtain information regarding these rights, you should contact the Office of Human Resources Benefits Division at 214.648.9830.

Sincerely,

*Dunja Morgareidge*
Clinic Practice Manager

XC:    Employee Relations Division
         Employee Personnel File